IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00721-CMA-KMT

JAMIE HAGGARD,

    Plaintiff-Counterclaim Defendant,

v.

SYNTHES SPINE,

    Defendant-Counterclaimant.

---

**ORDER ON SYNTHES' MOTION TO FILE UNDER SEAL SYNTHES' TRADE SECRET DOCUMENTS AND TO CLOSE TO THE PUBLIC PORTIONS OF COURT PROCEEDINGS DISCUSSING THOSE TRADE SECRETS**

---

Upon consideration of Synthes' Unopposed Motion To File Under Seal Synthes' Trade Secret Documents And To Close To The Public Portions Of Court Proceedings Disclosing Those Trade Secrets (Doc. No. 26), and following the telephone conference the Court held with counsel on June 1, 2009, the Court makes the following findings and orders the following procedure for addressing evidence offered and admitted under seal:

### Findings

1.     The public has a presumptive right to access judicial proceedings.

2.     Limiting the public's access to judicial proceedings is an extraordinary measure. Receiving information under seal must be narrowly tailored to meet the specifics of the

particular case and balance the public's right to access those portions of proceedings that are not under seal.

3. An order to seal must also consider the expectation interests of a party that may not want to offer certain evidence if it does not know whether doing so will result in it entering the public domain.

4. Synthes has properly brought this matter to the Court's attention under D.C.COLO.LCivR 7.2, setting the procedure for submitting information under seal.

5. Upon review of Synthes' Unopposed Motion, the Court finds that this case presents a dispute in which trade secrets and/or other confidential information may be offered as evidence.

6. Whether this information rises to the level of a trade secret and/or confidential information is a material issue in dispute in this matter.

7. When information is a trade secret and/or confidential information, the moving party has a legitimate right to keep that information from competitors, potential employers and the general public.

8. A procedure for evaluating that evidence, protecting the parties and the public's right of open access must be set before the evidence is offered in open Court or the damage may become irreversible.

Based upon the foregoing findings, it is **HEREBY ORDERED THAT** the following procedure shall govern the handling of evidence any party seeks to offer or introduce under seal:

### Documents Proposed to be Sealed

1. With respect to documents, the offering party shall provide the Court and opposing counsel with a copy of the document prior to its content being discussed aloud in open Court. The document shall not be shown to the witness unless he/she would otherwise have seen the document in the course of business dealings unrelated to this civil action.

2. The offering party shall clearly move on the record that the particular document is one being submitted for review and/or admission under seal. If no such oral motion is made to treat a particular document as one under seal, the Court will treat the document as open to the public.

3. All such documents shall be clearly identified with an Exhibit number and Bates or other non-recurring numbering on each page of the document.

4. The Court will review each document and decide whether it or some portion of it should be received or admitted under seal. The Court shall determine at that time whether the document should be received under seal or whether further proffers or argument are necessary as to each document.

5. If the Court needs to inquire of a witness in order to form an evidentiary basis for the ruling, the Court will order the transcript of such discussions marked under seal until

such time as the Court rules on the document and/or concludes the inquiry of the witness itself.

6. Unless the very existence of the exhibit or an identifying feature about it (such as its date) is found to be a trade secret and/or confidential, all exhibits received under seal shall be specifically identified on the record by exhibit number and with a brief description of the document that does not disclose any trade secret or confidential information.

7. Objections to such a designation shall be lodged at the time the Court rules on each piece of evidence.

8. Documents may be designated under seal, even if the Court does not otherwise admit them into evidence on other grounds.

9. Once a document is admitted into evidence under seal, it shall remain under seal until such time as a subsequent order takes it out of seal.

### Witness Testimony and Conduct of Counsel Related to Evidence Offered Under Seal

1. Counsel and witnesses shall not verbally disclose the content of documents offered or admitted under seal.

2. Whenever counsel believes testimony will involve information that may be a trade secret and/or confidential information, counsel shall move the Court to instruct the Court Reporter to so designate the transcript. Counsel shall similarly use good faith efforts to

advise the Court and Court Reporter when the examination moves out of such topics, so the transcript may be marked as not under seal.

3. Counsel shall make reasonable efforts to conduct examination so as to discuss the potential trade secret and/or confidential information close together during examinations.

4. If there is to be examination about or argument concerning information offered or admitted under seal, the Court may clear the courtroom, but only for so long as such information is being discussed. This may include arguments of counsel.

5. Should counsel fail to identify in advance testimony that involves a trade secret and/or confidential information, it will not be deemed a waiver of an otherwise valid request for the evidence or testimony to be kept under seal. Nevertheless, counsel must make all efforts to keep as much of the transcript accessible to the public as is reasonably possible given the facts and legal arguments in this case.

6. Any testimony received under seal shall not be discussed with anyone who is not otherwise permitted to access it in open court.

7. Should a situation arise during the hearings in this matter that is not fully addressed by this Order, the Court will address it on the record, at the time such evidence is proffered.

8. At the conclusion of the proceedings, the Parties shall be afforded an opportunity to review the transcript before it is made public. Any portions of the transcript, not already under seal and that a party wants to place under seal, shall be addressed to the

Court by motion pursuant to the Local Rules of Practice of the United States District Court for the District of Colorado.

9. Counsel shall make all witnesses they will call aware of this order and ensure those witnesses are familiar with its terms.

So ordered. 6-10-09

BY THE COURT:

*Christine M. Arguello*

Christine Arguello
U.S. District Court Judge