IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00721-CMA-KMT

JAMIE HAGGARD,

      Plaintiff-Counterclaim Defendant,

v.

SYNTHES SPINE,

Defendant-Counterclaimant.

## STIPULATED FINAL ORDER

And now this __16th__ day of _December_, 2009, upon consideration of the Parties' notice of settlement and request for entry of a Stipulated Final Order, **IT IS HEREBY ORDERED THAT THE FOLLOWING TERMS SHALL BE ENTERED AS THE FINAL ORDER OF THIS COURT:**

    1.    This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. Venue is appropriate because the acts complained of transpired within the District of Colorado.

    2.    Plaintiff Jamie Haggard ("Mr. Haggard") worked for Synthes USA Sales LLC ("Synthes") from May 1, 2000 to February 2, 2009. At the inception of his employment, Mr. Haggard signed a Confidentiality, Non-Solicitation and Non-Competition Agreement with Synthes ("Non-Competition Agreement") and an Employee Innovation and Non-Disclosure Agreement with Synthes ("Non-Disclosure Agreement")

copies of which were annexed to the Verified Counterclaim as Exhibit A-3.   These employment contracts contained post-employment covenants applicable to activity in Mr. Haggard's Synthes' territory and with respect to Synthes' confidential information and trade secrets.   (Docket Entry 6).

3.      Mr. Haggard filed a Complaint on March 25, 2009 in the Larimer County, Colorado District Court against his former employer Synthes and, on the same date, obtained, *ex parte*, a temporary restraining order prohibiting Synthes from enforcing its rights under the Non-Competition and Non-Disclosure Agreements.   (Docket Entries 1-3).

4.      On April 1, 2009, Synthes removed the case to this Court and on April 3, 2009 (Docket Entry 1), filed an Answer, Affirmative Defense, and Verified Counterclaim (Docket Entry 6), Motion for Temporary Restraining Order and/or Preliminary Injunction (Docket Entries 7, 9), Motion to Vacate the Larimer County, Colorado District Court's Temporary Restraining Order (Docket Entry 8), and a Motion to Expedite Discovery. (Docket Entry 10).

5.      On April 14, 2009, upon the parties stipulation, this Court granted Synthes' Motion for Temporary Restraining Order to preserve the status quo pending settlement or a hearing on the Motion.   (Docket Entry 18).

6.      On June 2, 2009, this Court entered an Order setting an evidentiary hearing for June 10, 2009, granting in part Synthes' motion for expedited discovery and requiring service on the Court and adverse parties of all hearing exhibits by June 8, 2009.   (Docket Entry 36).

7.    On June 10, 2009, this Court conducted the evidentiary hearing with all parties present on Synthes' Motion for Temporary Restraining Order and/or Preliminary Injunction. (Docket Entry 53). The Court heard live witness testimony and received into evidence 24 exhibits. .

8.    On June 12, 2009, this Court granted Synthes' Motion for injunctive relief (the "Preliminary Injunction Order"). The Court set forth the basis for its decision in a 37-page opinion. (Docket Entry 55).

9.    The Parties have negotiated this Stipulated Final Order with the intention of resolving the dispute between them.

10.   Mr. Haggard agrees that he will honor his Non-Disclosure Agreement.

11.   Mr. Haggard further agrees that he will honor the restrictions in his Non-Competition Agreement, until February 2, 2010.

12.   Mr. Haggard further agrees that he will honor and not appeal the Preliminary Injunction Order entered by this Court on June 12, 2009. Specifically, without limitation, through and including February 2, 2010, Mr. Haggard shall comply with the Non-Competition Agreement as modified by the Court in its June 12, 2009 Order and shall:

A.    refrain from using disclosing, or revealing any trade secrets belonging to Synthes;

B.    refrain from directly or indirectly, or in any capacity whatsoever, working for any competitor of Synthes in any capacity in any of the territories for which he was responsible over the course of his last year of employment with Synthes;

C.    refrain from directly or indirectly, or in any capacity whatsoever, soliciting or contacting Synthes' customers with whom Mr. Haggard had contact during the last three years of his employment, any prospect that received or requested a proposal or offer from Mr. Haggard at any time during the last three years of his employment, any affiliate of any such customer or prospect, and any individual customer or prospect contacts he established during the last three years of his employment with Synthes;

D.    refrain from using, disclosing, or revealing any confidential and proprietary information belonging to Synthes; and

E.    refrain from disparaging Synthes in any way to any competitor, customer or prospective customer of Synthes.

13.    Further, Mr. Haggard is enjoined from disclosing any of Synthes' confidential and proprietary information and he shall hold it in the strictest of confidence. He shall not divulge, disclose or reveal such information to any third party or use such information for any purpose, including, but not limited to, any business in which Synthes has an interest or by which he is employed or may become employed.

14.    To the extent he has not already done so, Mr. Haggard shall immediately return any and all confidential and proprietary information belonging to Synthes in whatever form such information exists, including, but not limited to, any and all documents and copies thereof that are currently in his possession.

15.    The Parties agree to the following terms for the return of property and preservation of evidence:

A.    No later than thirty (30) days after entry of this Stipulated Final Order, Mr. Haggard agrees to turn over his personal laptop to an independent third party forensic computer expert for imaging of the hard drive. A copy of this image will be provided to each party's counsel and maintained by them, with counsel for Mr. Haggard keeping the hard drive on an attorneys' eyes only basis. The expert will reformat or replace Mr. Haggard's hard drive to ensure no Synthes data remains accessible to Mr. Haggard. Synthes shall bear the cost of the imaging and reformatting or replacement of the hard drive.

B.    All third parties will be obligated to preserve all evidence relevant to the subject matter of the Verified Counterclaim upon notice from either Party.

16.    To the extent he has not already done so, Mr. Haggard shall return to Synthes all of Synthes' property still in his possession.

17.    Mr. Haggard agrees to provide a copy of his Agreements and this Final Stipulated Order to his current employers or business affiliates, as well as any other person or entity with which he should seek employment or a business relationship, until February 2, 2010.

18.    In the event that Mr. Haggard receives an unsolicited inquiry regarding the status of this lawsuit, he may inform the customer that the matter was resolved and/or that he is prohibited from discussing business matters with them until February 2, 2010.

19.    Mr. Haggard agrees that if he is contacted by any Synthes employee and asked, directly or indirectly, about this lawsuit or the measures that Synthes took to

enforce the Agreements, he will state only that this lawsuit existed and that it resulted in this Stipulated Final Order.

20.    Both Parties will voluntarily withdraw their claims, with prejudice, against the other.

21.    The Parties agree that no security shall be required for the terms of this Stipulated Final Order to be enforceable.  The Parties further stipulate that the Court may release the bond Synthes previously submitted.  The Court hereby orders the Clerk of Court to release to Synthes the bond it posted in this matter.

22.    The Parties acknowledge and agree that their respective withdrawals are not a finding on the merits as to any claims or defenses.

23.    Both Parties acknowledge that they will not raise or advance any defense in a subsequent lawsuit between each other to enforce their rights under any written agreement or this Stipulated Final Order that such claims are barred because they should have been brought or fully litigated to judgment in this civil action.

24.    The Parties acknowledge that Synthes incurred substantial attorneys fees and costs through the date of this Stipulated Final Order in enforcing the terms of the Non-Competition and Non-Disclosure Agreements.  Mr. Haggard contractually agreed to indemnify Synthes for such fees under his Non-Competition Agreement should he violate its terms.  Through this Stipulated Final Order, Synthes does not waive its right to attorneys fees and costs or release Mr. Haggard from this obligation under the Non-Competition Agreement, but it agrees that it will not seek recovery of them from Mr. Haggard, his family, or Cigar Caddy LLC, except under the circumstances set forth in Paragraph 25.

25.    In the event of an alleged breach of this Stipulated Final Order by either Party, the aggrieved Party may seek to enforce this Stipulated Final Order.

A.    If the aggrieved Party seeks damages or an extension of this Stipulated Order, such application shall be in the form of a docketed Motion for Contempt.   The Court will address such a motion under the applicable rules of Court and applicable legal standards.

B.    Should Synthes establish that Mr. Haggard violated this Stipulated Final Order, it shall be relieved from its covenant not to seek recovery of its costs and counsel fees incurred through the date of this Stipulated Final Order.  It may also seek recovery of any additional costs and counsel fees incurred in proving a violation of this Stipulated Final Order and participating in any successful appeal.  For purposes of this paragraph 25(B) Synthes need only establish a violation of the Order by a preponderance of the evidence and such acts need not necessarily arise to the level necessary for establishing contempt.

26.    The Parties expressly agree that this Stipulated Final Order is intended to resolve all known disputes between them and any violation of the Stipulated Final Order shall be resolved in this Court, and not an alternative forum.

27.    This Stipulated Final Order, and the Non-Competition and Non-Disclosure Agreements, are the full and complete agreements between the Parties.  Any other points that were discussed, but not included in this Stipulated Final Order, are deemed waived by the Parties.

28.    This Stipulated Final Order has no preclusive effect on the Parties' rights, defenses, or claims for damages in pending or subsequent litigation involving third-parties and any cross-claims or counter-claims that may be otherwise lawfully permitted in those proceedings.

29.    The Court shall retain jurisdiction over this matter to ensure compliance with the terms of this Final Order.

30.    The Parties agree to waive their right of appeal of this Stipulated Final Order.

The Court finds the terms of the Stipulated Final Order as set forth above and agreed to by the Parties to be reasonable and appropriate given the pleadings and verifications of record in this matter.

APPROVED BY THE COURT:

Christine M. Arguello
United States District Judge

IT IS SO AGREED:

s/

Erik G. Fischer (Reg. No. 16856)
Erik G. Fischer, P.C.
125 South Howes Street - Suite 900
Fort Collins, CO 80521
(970) 482-4710
(970) 482-4729 (Fax)
*Attorney for Plaintiff*
efischer@fischerandfischerlaw.com

Dated  11/10/09

s/

Scott P. Cooper
Blank Rome, LLP
One Logan Square
Philadelphia, PA 19101
(215) 569-5487/569-5330
(215) 832-5487/569-5330
*Attorneys for Defendant*
cooper@blankrome.com

Dated  12/7/09

Mr. Jamie Haggard

Dated  11-10-09

For Synthes USA Sales LLC ("Synthes")

Dated  12/7/09